**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2781
_____

EMERALD ZODWA NKOMO,
                                                    Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES OF AMERICA,
                                                    Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A091-540-338)
Immigration Judge: Daniel A. Morris

Argued on June 16, 2020

Before:  JORDAN, MATEY and ROTH, <u>Circuit Judges</u>

(Opinion filed: January 21, 2021)

Jerard A. Gonzalez
Cheryl Lin                              (**ARGUED**)
Bastarrika Soto Gonzalez & Somohano
3 Garrett Mountain Plaza
Suite 302
Woodland Park, NJ 07424

                Counsel for Petitioner

Rachel L. Browning
Giovanni DiMaggio                       (**ARGUED**)
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

                Counsel for Respondent

_____

O P I N I O N

_____

**ROTH**, Circuit Judge:

This is a petition for review of the BIA's denial of a motion to reopen Emerald Nkomo's removal proceedings. Nkomo was ordered removed after she was convicted of conspiracy to commit wire fraud. While her removal proceedings were pending, her husband, a United States citizen, filed a Form I-130 petition for Alien Relative on her

behalf.  The government did not decide that petition until after the BIA had issued a final order of removal.  At that point, the government granted the I-130 petition.  Nkomo moved to reopen her removal proceedings to request additional relief, but the BIA denied her motion.  She contends that the BIA erred in not considering whether she was entitled to equitable tolling.  Because Nkomo sufficiently put the BIA on notice that she was raising an equitable tolling claim and because the BIA considered the issue, we will vacate the BIA's order and remand for further proceedings.

## I.     FACTS

Emerald Nkomo came to the United States from Zimbabwe in 1985 and became a lawful permanent resident in 1992.  In March 2017, she was convicted of conspiracy to commit wire fraud, an aggravated felony, and DHS initiated removal proceedings against her.  Nkomo applied for asylum, withholding of removal, and protection under the Convention Against Torture.

While those proceedings were pending, Nkomo's United States citizen husband, Joseph Witkowski, filed an I-130 Petition for Alien Relative on her behalf.  Because Witkowski was incarcerated, it was difficult for him to attend an interview with the U.S. Citizenship and Immigration Service (USCIS).  The IJ granted a continuance of Nkomo's removal proceedings so that Witkowski could attend the interview.  In January 2018, Nkomo's counsel contacted DHS to inform it that the IJ had adjourned Nkomo's proceedings until February 22, 2018, to allow time for adjudication of the

I-130 petition.[1] DHS confirmed that it would require Witkowski to attend the interview in person.

While the I-130 petition was still pending, the IJ denied Nkomo's removal objections. The BIA affirmed. After the Supreme Court decided *Pereira v. Sessions*,[2] Nkomo moved to remand, arguing that the immigration court lacked jurisdiction because she was given a defective notice to appear. The BIA denied the motion, and we affirmed.[3]

DHS did not set a date to interview Witkowski about the I-130 petition. It was not until Nkomo petitioned for a writ of mandamus in federal district court in February 2019 that DHS finally scheduled an interview for March. Nkomo attended the interview, but Witkowski's presence was waived because he was in federal custody. DHS granted the I-130 petition.

With the approved I-130 petition in hand, Nkomo moved to reopen her removal proceedings so that she could apply for relief under INA § 212(h). She argued that changed circumstances warranted reopening because, despite her numerous requests, the relief she sought had not been available earlier due to the refusal of USCIS to conduct an interview and adjudicate the petition. She emphasized the government's delay.[4] She contended that she was likely to succeed on the merits of a petition under INA § 212(h) and that she could show extreme hardship. She also asked for reopening based on exceptional circumstances because of the

---

[1] AR 38.

[2] 585 U.S. ___ , 138 S. Ct. 2105 (2018).

[3] *Nkomo v. Att'y Gen.*, 930 F.3d 129, 131–32 (3d Cir. 2019).

[4] AR 14.

4

government's delay.

The BIA denied the motion to reopen as untimely because it was filed more than ninety days after the Board's removal order. The BIA noted that no exceptional circumstances justified sua sponte reopening. The BIA concluded, "Finally, to the extent the respondent is seeking reopening in light of certain equities, including her long presence in the United States and potential hardship to her family, we do not have the authority to grant relief solely on equitable or humanitarian grounds."[5]

Nkomo petitioned for review. She asserts that the Board erred because it failed to consider whether she was entitled to equitable tolling of the ninety-day period for reopening. The government responds that we lack jurisdiction to consider this issue as Nkomo failed to raise it before the BIA, and it is therefore unexhausted.[6]

## II.    DISCUSSION

We have jurisdiction over a petition for review of "the Board's denial of a motion to reopen a removal proceeding."[7] Because Nkomo was convicted of an aggravated felony, 8 U.S.C. § 1252(a)(2)(D) limits our jurisdiction to

---

[5] AR 3.

[6] Relatedly, the government argues that the BIA did not err in failing to address equitable tolling because Nkomo did not raise the issue. Because this substantially overlaps with the exhaustion issue, we do not address this argument separately.

[7] *Mata v. Lynch*, 576 U.S. 143, 147 (2015).

"constitutional claims or questions of law."[8]  We review the BIA's denial of a motion to reopen "under a highly deferential abuse of discretion standard."[9]  Typically, the BIA's decision to deny a motion to reopen sua sponte is "functionally unreviewable" because we lack a "meaningful standard" for review of the BIA's "essentially unlimited" discretion.[10]  Nevertheless, we retain jurisdiction to "review the BIA's reliance on an incorrect legal premise."[11]  Application of the equitable tolling standard "to undisputed or established facts" is a question of law that we review de novo.[12]

The government argues that Nkomo's failure to exhaust her equitable tolling claim independently bars our jurisdiction. Nkomo offers two arguments in response:  (1) she sufficiently put the BIA on notice of her equitable tolling claim, and (2) the BIA addressed equitable tolling sua sponte.  We address each in turn.

### A. *Nkomo put the BIA on notice of her equitable tolling claim.*

A noncitizen must exhaust her claim before the BIA for

---

[8] 8 U.S.C. § 1252(a)(2)(C), (D).

[9] *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 89 (3d Cir. 2011).

[10] *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017).

[11] *Id.*

[12] *See Guerrero-Lasprilla v. Barr*, 589 U.S. ___ , 140 S. Ct. 1062, 1067 (2020); *Kamara v. Att'y Gen.*, 420 F.3d 202, 211 (3d Cir. 2005).

this Court to have jurisdiction over the claim.[13]  Our exhaustion policy is "liberal."[14]   As we have held. "so long as an immigration petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal," he meets the exhaustion requirement.[15]   A petitioner need not even file a brief before the BIA as long as his notice of appeal sufficiently "place[s] the BIA on notice of what is at issue."[16]   And although "we will not require the BIA to guess which issues have been presented and which have not,"[17] the petitioner is not required to state precisely the alleged error.[18]

Although Nkomo's brief was less than precise, she did enough to raise the issue of equitable tolling before the BIA. She requested reopening because of "a significant change of circumstance."[19]   Although changed circumstances in the context of motions to reopen often refer to a statutory exception

---

[13] *Popal v. Gonzales*, 416 F.3d 249, 252 (3d Cir. 2005).

[14] *Joseph v. Att'y Gen.*, 465 F.3d 123, 126 (3d Cir. 2006).

[15] *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005).

[16] *Bhiski v. Ashcroft*, 373 F.3d 363, 368 (3d Cir. 2004); *see also Hoxha v. Holder*, 559 F.3d 157, 159 (3d Cir. 2009) (concluding that exhaustion is met if the issue is in the notice of appeal but not the brief before the BIA).

[17] *Lin v. Att'y Gen.*, 543 F.3d 114, 122 (3d Cir. 2008).

[18] *See, e.g.*, *Yan Lan Wu*, 393 F.3d at 422 (finding a petitioner's claim exhausted even though she "did not explicitly argue that the Immigration Judge erred in considering only her airport interview" but "contend[ed] in her Notice of Appeal that the Immigration Judge's conclusion [was] not supported by substantial evidence within the record").

[19] AR 13.

to the ninety-day deadline for changed country conditions related to asylum,[20] the BIA in this case should have been on notice that the "changed circumstance" Nkomo referred to was her I-130 petition and that she was requesting equitable tolling.

Any doubt that Nkomo was requesting equitable tolling should have vanished given the facts she presented. A petitioner is entitled to equitable tolling of the ninety-day deadline for a motion to reopen "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[21] Nkomo argued before the Board that she repeatedly requested USCIS schedule an interview and decide her I-130 petition, that USCIS waited eighteen months to schedule an interview, and that USCIS did not do so until she filed a writ of mandamus in federal court. This type of factual setting is relevant to an equitable tolling analysis.

True, Nkomo did not mention "equitable tolling" by name, but a petitioner is not required to recite "magic words . . . or even cite[] to the relevant case law regarding an issue."[22] Nkomo requested reopening of her proceedings outside the ninety-day period for "changed circumstances" and recited facts showing that the delay was through no fault of her own. This showing was sufficient to put the BIA on notice of her

---

[20] 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

[21] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling applies to the statutory deadline for filing motions to reopen. *See Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011); *Borges v. Gonzales*, 402 F.3d 398, 400-01 (3d Cir. 2005).

[22] *Zhi Fei Liao v. Att'y Gen.*, 910 F.3d 714, 718 (3d Cir. 2018).

equitable tolling claim.

### B. *The Board raised equitable tolling sua sponte.*

Even had Nkomo failed to raise equitable tolling before the BIA, her claim would be exhausted because the Board considered the issue on its own. A claim is exhausted if the Board considers the issue sua sponte.[23] Although we have declined to "specify the precise limitations of [the] rule," we noted in one case "that the BIA issued a 'discernible substantive discussion on the merits.'"[24]

Here, the BIA noted that "certain exceptions" to the ninety-day filing requirement were not relevant.[25] And, after rejecting Nkomo's motion to reopen as untimely, the BIA concluded its opinion by stating that "to the extent the respondent is seeking reopening in light of certain equities, including her long presence in the United States and potential hardship to her family, we do not have the authority to grant relief solely on equitable or humanitarian grounds."[26] The BIA's suggestion that it does not have the authority to make decisions on equitable grounds is perplexing. The BIA has authority to equitably toll the deadline for motions to reopen—

---

[23] *Lin*, 543 F.3d at 123–24.

[24] *Id.* at 126 (quoting *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007)).

[25] AR 3.

[26] AR 3 (citing *Matter of Medina*, 19 I. & N. Dec. 734, 742 (BIA 1988)). Nkomo mentioned hardship to her family because extreme hardship to a U.S. citizen relative is one way to succeed on the merits of a petition for waiver of inadmissibility. *See* 8 U.S.C. § 1182(h)(1)(B).

the precise relief Nkomo sought.

Because Nkomo properly raised equitable tolling before the BIA, the BIA erred in failing to consider her request for equitable tolling on the merits. We remand for the Board to do so in the first instance.[27]

### III. CONCLUSION

For the foregoing reasons, we hold that Nkomo exhausted her equitable tolling claim before the BIA. We will grant Nkomo's petition for review of the BIA's denial of her motion to reopen, vacate the BIA's order and remand for further proceedings consistent with this opinion.

---

[27] *See Cruz v. Att'y Gen.*, 452 F.3d 240, 248 (3d Cir. 2006).