**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3294
_____

DIEGO ALVAREZ-CASTRO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review from the
Board of Immigration Appeals
(Agency No. A200-295-619)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 24, 2022
_____

Before: CHAGARES, Chief Judge, McKEE and MATEY, Circuit Judges

(Opinion filed: February 11, 2022)

_____

OPINION*

_____

---

\* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Diego Alvarez-Castro petitions this Court to review the Board of Immigration Appeals' ("BIA") denial of his sua sponte motion to reopen. Because we conclude that we do not have jurisdiction to review this denial and because Alvarez-Castro did not exhaust his argument regarding equitable tolling, we must dismiss the petition.

I.

Alvarez-Castro is a native and citizen of Mexico. He came to the United States after facing threats from the Michoacan Family cartel due to his work as a chef at a hotel that housed agents from the Mexican federal police. After being placed in removal proceedings, Alvarez-Castro sought withholding of removal and protection under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") denied withholding of removal, finding that the proffered particular social group ("PSG") of "individuals who are perceived to have provided assistance to the Mexican Federal Police against narco-traffickers" was not cognizable. Administrative Record ("A.R.") 118. The IJ also found that Alvarez-Castro had not shown that the Mexican Government was unable or unwilling to protect him. On appeal, the BIA agreed that the PSG was not cognizable. Because of this, the BIA held that it "need not reach the applicant's other appellate arguments." A.R. 75.

When the BIA sent its notice of decision, on January 31, 2020, it was apparently delivered to the wrong office in petitioner's counsel's building — to a nonprofit on the first floor, with whom petitioner's counsel does not share any files or information.

2

Alvarez-Castro had been released from detention, and only learned of the decision when he was instructed to present himself for deportation on July 3, 2020.

Alvarez-Castro submitted a motion to reopen two weeks later, on July 17, 2020. The motion argued that the BIA should exercise its sua sponte reopening power due to an intervening change in law regarding particular social groups — Guzman Orellana v. Att'y Gen., 956 F.3d 171 (3d Cir. 2020). The BIA denied the motion. Petitioner filed this timely petition for review.

## II.[1]

Motions to reopen must normally be filed within ninety days of a final removal order, subject to limited exceptions not relevant here. See 8 C.F.R. § 1003.2(c)(2). However, the Board may, on its own authority, reopen a case at any time. See 8 C.F.R. § 1003.2(a). "The decision to grant or deny a motion to reopen . . . is within the discretion of the Board." Id.

We have held that because the BIA's discretion in this area is essentially unfettered, "orders by the BIA declining to exercise its discretion to reopen *sua sponte* are functionally unreviewable, unlike other orders on immigration motions to reopen." Park v. Att'y Gen., 846 F.3d 645, 651—52 (3d Cir. 2017). We may only exercise jurisdiction to review denials of sua sponte motions when (1) the BIA relies on an incorrect legal premise in its analysis, or (2) the BIA has constrained itself through rule or

---

[1] We generally have jurisdiction to review BIA decisions pursuant to 8 U.S.C. § 1252(a). Below we consider whether we have jurisdiction in this case.

settled course of adjudication.  See id.

The BIA here "acknowledge[d] that a fundamental change in law may be considered an exceptional circumstance warranting sua sponte reopening regardless of the sufficiency of the prior order of removal."  A.R. 3.  Nevertheless, it held that it saw "no basis for exercising [its] sua sponte authority to reopen proceedings" and that even if proceedings were reopened, the Board "would still uphold the Immigration Judge's decision denying relief" because Alvarez-Castro did not show that the Mexican government was unable or unwilling to protect him.  A.R. 4.

Alvarez-Castro argues that because the BIA analyzed the Mexican Government's inability to protect him under the now-vacated framework of Matter of A-B-, 27 I&N Dec. 316 (A.G. 2018), the BIA relied on an incorrect legal premise and we have jurisdiction to review its denial of his motion.  We disagree.

This Court has held that the "condone or complete helplessness" standard from Matter of A-B- is functionally equivalent to the long-standing "unable or unwilling to protect" standard used to assess government action (or inaction) in asylum and withholding claims.  See Galeas Figueroa v. Att'y Gen., 998 F.3d 77, 88 (3d Cir. 2021).  Accordingly, even though Matter of A-B- has now been vacated by the Attorney General, see Matter of A-B-, 28 I&N Dec. 307 (A.G. 2021), the vacatur does not on its own show any legal error from the BIA here.

Alvarez-Castro argues, however, that in its decision, the BIA noted that the "condone or complete helplessness standard" and the "unable or unwilling to protect" standards were not analogous, and thus contravened our circuit precedent both prior to

4

and after <u>Galeas Figueroa</u>. But the BIA first held that it saw "no basis" to exercise its discretion to reopen proceedings. A.R. 3. It then determined that even if it were to reopen proceedings sua sponte, it would still uphold the IJ's decision to deny Alvarez-Castro relief based on its analysis of government action. Alvarez-Castro's arguments regarding this analysis therefore do not address whether we have jurisdiction to review the decision, because the BIA's denial did not rest on its subsequent analysis using <u>A-B-</u>. Even if we were to consider that analysis as underlying the denial of the motion, the BIA concluded its analysis stating that Alvarez-Castro "did not establish that the Mexican government was or will be unable or unwilling to protect him." A.R. 5. Given this ultimate conclusion, the earlier references to <u>Matter of A-B-</u> do not constitute reliance on an incorrect legal premise. Accordingly, we lack jurisdiction to review the denial of the motion. <u>See</u> <u>Park</u>, 846 F.3d at 651.

Alvarez-Castro also argues that the BIA should have considered whether to grant him equitable tolling. A non-citizen who moves to reopen his case beyond the ninety-day deadline may be entitled to equitable tolling of that deadline "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" <u>Nkomo v. Att'y Gen.</u>, 986 F.3d 268, 272—73 (3d Cir. 2021) (quoting <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010)). As with all issues raised on appeal, the petitioner must first exhaust this issue before the BIA. <u>See</u> 8 U.S.C. § 1252(d)(1). In <u>Nkomo</u>, we held that where a non-citizen "requested reopening of her proceedings outside the ninety-day period for 'changed circumstances' and recited facts showing that the delay was through no fault of her own" she had properly exhausted

5

her equitable tolling claim and the BIA should have considered the issue. <u>Nkomo</u>, 986 F.3d at 272, 273. This was true even though she "did not mention 'equitable tolling' by name." <u>Id.</u> at 272. In his motion to reopen, Alvarez-Castro did not request equitable tolling; rather, he relied upon the change in circuit law and noted, in an affidavit, the mail delivery error that led to the late filing. He now argues that under <u>Nkomo</u>, this was enough to exhaust his claim, and the BIA should have been on notice that it must consider whether to grant him equitable tolling. We disagree. <u>Nkomo</u> did not go as far as Alvarez-Castro would suggest — under his argument, the BIA would need to address equitable tolling every time sua sponte motions to reopen invoke changes in law or facts. This would not only distort the exhaustion requirement of 8 U.S.C. § 1252(d)(1), but also would render superfluous the already-existing requirements of such a change for motions to reopen under 8 C.F.R. § 1003.2(c)(1). Further, unlike in <u>Nkomo</u>, the BIA here did not address equitable tolling sua sponte. <u>See</u> A.R. 2—4; <u>Nkomo</u>, 986 F.3d at 273. Because the issue was not exhausted, we lack jurisdiction to consider Alvarez-Castro's request for equitable tolling. <u>See</u> 8 U.S.C. § 1252(d)(1).

III.

For the foregoing reasons, we will dismiss Alvarez-Castro's petition for review.

6