NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1962
_____

MAHMOUD MOHAMED AHMED IBRAHIM,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(A204-948-303)
Immigration Judge: Nicholas Martz
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 5, 2022
_____

Before: CHAGARES, *Chief Judge*, GREENAWAY, JR., and PORTER, *Circuit Judges*.

(Opinion Filed: May 9, 2022)

_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mahmoud Mohamed Ahmed Ibrahim petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his application for withholding of removal and relief under the Convention Against Torture ("CAT"). For the reasons set forth below, we conclude we lack jurisdiction and will therefore dismiss the petition for review.

## I. Background

Ibrahim, a native and citizen of Egypt, entered the United States in 2012. He overstayed his visa. After he admitted to the factual allegations in the Notice to Appear and conceded removability, Ibrahim sought withholding of removal and relief under the CAT. Before the IJ, he presented information alleging that he had suffered persecution and torture. The IJ concluded that Ibrahim did not establish eligibility for withholding of removal under 8 U.S.C. § 1231(b)(3)(A) or for protection under the CAT. The IJ also denied Ibrahim's request for voluntary departure.[1] The IJ attached to his opinion an addendum of law citing precedent from the Court of Appeals for the Fifth Circuit. Ibrahim appealed to the BIA.

Before the BIA, Ibrahim raised numerous issues, but made no mention of the IJ's citation to Fifth Circuit precedent. Relying on Third Circuit precedent, the BIA dismissed the appeal, agreeing with the IJ that Ibrahim did not meet his burden of proof for withholding of removal or for protection under the CAT. The BIA also agreed with

---

[1] Ibrahim is not challenging the denial of voluntary departure before this Court.

the IJ's decision to deny voluntary departure. Ibrahim filed a timely petition for review.

Since Ibrahim only raises one issue before us – whether the IJ erred by attaching the addendum of law applying Fifth Circuit precedent to his oral decision – we need not discuss the specific facts Ibrahim presented in support of his applications for relief.

## II. Discussion

The BIA had jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. As to our jurisdiction,

> [s]ection 1252(d)(1) provides for judicial review of final orders of removal "only if . . . the alien has exhausted all administrative remedies available to the alien as of right." Thus an alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim.

*Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003) (quoting 8 U.S.C. § 1252(d)(1)). Essentially, "[a] noncitizen must exhaust [his] claim before the BIA for this Court to have jurisdiction over the claim." *Nkomo v. Att'y Gen.*, 986 F.3d 268, 272 (3d Cir. 2021).

"We do not, however, apply this [exhaustion] principle in a draconian fashion." *Lin v. Att'y Gen.*, 543 F.3d 114, 121 (3d Cir. 2008). "As this Court has recognized, 'so long as an immigration petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted [his] administrative remedies.'" *Joseph v. Att'y Gen.*, 465 F.3d 123, 126 (3d Cir. 2006) (quoting *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005)). In addition,

3

> we [have] conclude[d] that the identification of an issue in a party's notice of appeal satisfies the statutory requirement of exhaustion provided that the description of that issue in the notice sufficiently apprises the BIA of the basis for the appeal. Failure to address that issue in the brief subsequently filed with the BIA will not deprive us of jurisdiction.

*Hoxha v. Holder*, 559 F.3d 157, 159 (3d Cir. 2009). Further, we have found that we have jurisdiction when "the BIA *sua sponte* addressed and ruled on the unraised issue . . . on the merits, thereby exhausting the issue." *Lin*, 543 F.3d at 126.

Before the BIA, Ibrahim made no mention in either his notice of appeal or his brief of the IJ's attaching to his opinion an addendum of law based on Fifth Circuit precedent. Even reading his brief broadly, we cannot conclude that Ibrahim sufficiently put the BIA on notice of his current argument. While he cited Third Circuit cases, and even noted that "[b]ecause this case arose in the Third Circuit, the judge was bound by the analysis set forth in *Dutton Myrie v. Att'y Gen.*," A.R. 34, nowhere did he criticize, or even comment upon, the IJ's inclusion of an addendum of law based on Fifth Circuit precedent. This deficiency is fatal to Ibrahim's claim. We lack jurisdiction when exhaustion has not occurred.[2]

In an effort to salvage this issue before us, Ibrahim argues that his failure to raise the argument before the BIA "qualifies as [an] exception to the waiver of issues not raised in the Appellate brief." Pet'r's Br. 13. Rather than presenting a waiver of an argument, Ibrahim's failure to raise the issue before the BIA is a jurisdictional defect that

---

[2] Since the BIA did not raise the issue sua sponte, exhaustion is not satisfied.

cannot be waived. *See Nesbit v. Gears Unltd., Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) ("[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt."); *cf. United States v. Palomar-Santiago*, 141 S.Ct. 1615, 1621 (2021) ("When Congress uses 'mandatory language' in an administrative exhaustion provision, 'a court may not excuse a failure to exhaust.'" (quoting *Ross v. Blake*, 578 U. S. 632, 639 (2016))).

### III. Conclusion

For the foregoing reasons, we will dismiss the petition for review for lack of jurisdiction.