NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2167
_____

KIRPAL SINGH,
                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-911-909)
Immigration Judge: Eugene Pugliese
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 26, 2023

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges.*

(Filed: March 10, 2023)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge.*

Kirpal Singh petitions for review of the Board of Immigration Appeals' ("BIA") order denying as untimely his motion to reopen proceedings and declining to exercise its sua sponte authority to reopen. Seeing no error, we will dismiss the petition in part and deny the petition in part.

## I.

Singh, a citizen of India, was charged with removability when he entered the United States in 1999. During removal proceedings in 2005, Singh admitted the allegations against him and conceded his removability but asked for asylum under the Convention Against Torture. Singh's counsel ("Getachew") told the Immigration Judge ("IJ") that Singh was not fluent in English, but Getachew waived the help of an interpreter. The IJ then provided the forms necessary for Singh's asylum request and ordered him to be fingerprinted. At another hearing the next year, Getachew again waived an interpreter and was reminded by the IJ of the importance of getting Singh's fingerprints processed.

Singh's merits hearing was held in 2007. Because Singh still had not had his fingerprints processed per the IJ's instructions, Singh's applications for asylum and withholding of removal were denied. The BIA upheld these denials and we dismissed Singh's appeal for failure to file a brief and appendix.

In 2020, Singh moved to reopen his case, claiming Getachew provided ineffective representation. The BIA agreed that Getachew's counsel was deficient but declined to reopen the proceedings since Singh had not exercised the necessary due diligence after his

discovery of Getachew's ineffective representation. The BIA also declined to exercise its sua sponte authority to reopen. Singh now brings this timely appeal.[1]

## II.

A motion to reopen proceedings must be filed within ninety days after the disposition. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). A petitioner who does not file in this window, as here, must demonstrate due diligence and extraordinary circumstances to qualify for equitable tolling. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014); *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011) (per curiam) ("Ineffective assistance of counsel can serve as a basis for equitable tolling if substantiated and accompanied by a showing of due diligence."). If the BIA does not apply equitable tolling and refuses to sua sponte reopen proceedings, a petitioner must show that the BIA's refusal to do so resulted from its reliance "on an incorrect legal premise." *Park v. Att'y Gen.*, 846 F.3d 645, 651, 656 (3d Cir. 2017). Because Singh has not made either showing, we will dismiss his petition insofar as he challenges the BIA's decision not to exercise its sua

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.2(a). We have jurisdiction under 8 U.S.C. § 1252. Denial of a motion to reopen is reviewed "under a highly deferential abuse of discretion standard." *Nkomo v. Att'y Gen.*, 986 F.3d 268, 271 (3d Cir. 2021) (citation omitted). "Application of the equitable tolling standard 'to undisputed or established facts' is a question of law reviewed de novo." *Id.* at 272 (citation omitted).

Courts lack jurisdiction to review any decision by the Attorney General that is specified "to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). The Attorney General has such discretion here. *See* 8 C.F.R. § 1003.2(a). As such, our jurisdiction is limited to colorable "constitutional claims or questions of law" raised in the petition. 8 U.S.C. § 1252(a)(2)(B)(ii); *Pareja v. Att'y Gen.*, 615 F.3d 180, 186–87 (3d Cir. 2010).

sponte authority to reopen and deny his petition in remaining part.

To apply equitable tolling to claims of ineffective assistance, "[d]ue diligence must be exercised over the entire period for which tolling is desired," *Alzaarir*, 639 F.3d at 90, which includes "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed," *id.* (citation omitted). The diligence required for equitable tolling purposes is due diligence. *Id.*

The BIA concluded that Singh did not exercise due diligence and "should have discovered the ineffective assistance long before he filed his motion to reopen." AR 4. The Board found that 1) the IJ had repeatedly advised Getachew that fingerprints were essential; 2) the IJ explained to Singh, with help from an interpreter, that the failure to obtain fingerprints required his asylum application to be denied; and 3) these facts together put Singh on notice, in 2007, of Getachew's ineffective assistance. Singh kept working with Getachew, not inquiring with another lawyer on the status of his case until 2010. And even when Singh's new counsel advised him to seek reopening based on Getachew's ineffective assistance, Singh still waited another two years to file the motion to reopen.

The BIA's findings of fact, reviewed under an "extraordinarily deferential" standard, *Romero v. Att'y Gen.*, 972 F.3d 334, 342 (3d Cir. 2020), are determinative. Given Singh's claims of past persecution, reasonable diligence required timely efforts to reopen his case. Instead, Singh delayed asking to reopen this matter even when advised by his new counsel. That decision makes equitable tolling inapplicable.

Nor is there any legal error. "Typically, the BIA's decision to deny a motion to

reopen sua sponte is 'functionally unreviewable' because we lack a 'meaningful standard' for review of the BIA's 'essentially unlimited' discretion." *Nkomo*, 986 F.3d at 271–72 (quoting *Park*, 846 F.3d at 651); *see also* Heckler v. Chaney, 470 U.S. 821, 830 (1985) (Courts lack jurisdiction when they "would have no meaningful standard of review against which to judge [an] agency's exercise of discretion."). This "unfettered discretion to decline to sua sponte reopen," *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 129 (3d Cir. 2012) (citation omitted), deprives us of jurisdiction unless we determine that the Board relied "on an incorrect legal premise," *Nkomo*, 986 F.3d at 272. Here, because the BIA's decision appropriately considered the correct legal standards, we lack jurisdiction to entertain Singh's challenge. *See Pllumi v. Att'y Gen.*, 642 F.3d 155, 159 (3d Cir. 2011); *Park*, 846 F.3d at 650–52. We will therefore dismiss the petition as to this argument.

**III.**

For these reasons, we will dismiss the petition as to the BIA's decision not to exercise its sua sponte authority to reopen and will deny the petition in remaining part.