NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-1549 & 23-3015
_____

NAVJOT SINGH,
                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A200-813-143)
Immigration Judge: Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 28, 2024
_____

Before: KRAUSE, RESTREPO, and MATEY, *Circuit Judges*

(Filed: July 10, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**MATEY**, *Circuit Judge*.

Petitioner Navjot Singh seeks review of two decisions entered by the Board of Immigration Appeals (BIA) denying his motions to reopen proceedings and to reconsider. Seeing no abuse of the BIA's discretion, we will deny his petition in part, and dismiss the remainder.

## I.

Singh, a citizen of India, was detained when he entered the United States in 2010. He admitted removability and sought asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Singh based his application on prior attacks by members of the Akali Dal Badal political party. Finding Singh lacked credibility, an Immigration Judge (IJ) denied Singh's request for asylum and found Singh ineligible for withholding of removal and protection under the CAT. The BIA affirmed the IJ's decision, and we denied review. *See Singh v. Att'y Gen.*, No. 21-2100, 2022 WL 1011219, at *1 (3d Cir. Apr. 5, 2022).

Singh then moved to reopen, arguing that his Notice to Appear (NTA) was defective because it lacked the date and time for his removal hearing, so the IJ and BIA lacked jurisdiction over the removal proceedings. The BIA denied that motion, and Singh filed a second motion to reopen—stylized as a motion to reopen and reconsider—based on the BIA's decision in *In re Chen*, 28 I. & N. Dec. 676 (B.I.A. 2023). Singh also argued that the time and numerical limitations on his motions to reopen should be equitably tolled because the publication of *In re Chen* constituted an "extraordinary

2

circumstance." Finally, Singh argued that he demonstrated extreme hardship warranting cancellation of removal. The BIA denied Singh's motion.[1]

## II.

The BIA did not abuse its discretion in denying Singh's first motion to reopen because the deficiencies in Singh's NTA did not deprive the IJ of jurisdiction. Section 239(a) of the Immigration and Nationality Act provides that "a 'notice to appear'[] shall be given . . . to the [noncitizen] . . . specifying" the time and place of the removal hearings, among other things. 8 U.S.C. § 1229(a)(1). Section 239(a)'s time-and-place NTA requirement is not jurisdictional because the absence of time-and-place information does not affect the IJ's authority, and the requirement is "akin to a claims-processing rule." *Chavez-Chilel v. Att'y Gen.*, 20 F.4th 138, 143 (3d Cir. 2021); *see also Nkomo v. Att'y Gen.*, 930 F.3d 129, 131 (3d Cir. 2019).

Nor did the BIA abuse its discretion by denying Singh's second motion to reopen. First, Singh did not show grounds for equitable tolling. The 90-day deadline to move to reopen, 8 U.S.C. § 1229a(c)(7)(C)(i), may be tolled if the noncitizen shows that "some extraordinary circumstance . . . prevented timely filing," *Nkomo v. Att'y Gen.*, 986 F.3d 268, 272–73 (3d Cir. 2021) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). That is not the case here. Singh argues that the BIA's decision in *In re Chen* constitutes an extraordinary development, but the decision broke no new ground and simply built on the

---

[1] The BIA had jurisdiction over Singh's appeal under 8 C.F.R. § 1003.1(b), and we review the BIA's decisions on motions to reopen for an abuse of discretion. *Nkomo v. Att'y Gen.*, 986 F.3d 268, 271 (3d Cir. 2021).

Supreme Court's holdings in *Pereira v. Sessions*, 585 U.S. 198 (2018) and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). The BIA did not abuse its discretion by concluding that Singh was not eligible for equitable tolling, and Singh's second motion to reopen was properly denied.[2]

Finally, we lack jurisdiction to review the BIA's decision not to exercise its discretionary authority to reopen Singh's case *sua sponte* because the BIA did not rely on an incorrect legal premise in reaching its decision. *See Aristy-Rosa v. Att'y Gen.*, 994 F.3d 112, 114 n.2 (3d Cir. 2021). Singh points to recent agency guidance encouraging supplemental briefing on whether the case is a removal priority, but such informal practice falls short of the standards we have recognized as sufficient to measure legal error. *Cf. Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 653 (3d Cir. 2017) (explaining that "a petitioner must establish that the BIA has limited its discretion via a policy, rule, settled course of adjudication, or by some other method, such that the BIA's discretion can be meaningfully reviewed for abuse"). As the BIA used the correct legal framework to evaluate Singh's motion to reopen, we lack jurisdiction to review the decision.

\* \* \*

---

[2] In any event, Singh has not made a prima facie case for cancellation of removal, which requires "exceptional and extremely unusual hardship to [his] spouse, parent, or child." 8 U.S.C. § 1229b(b)(1)(D), a burden that is "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country," *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001). Singh's application for cancellation of removal noted that his wife and children would remain in the United States if he was deported, which, while unfortunate, is hardly uncommon in this context.

For these reasons, we will deny the petition for review in part and dismiss it in part.