**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3263
_____

DIANA ISABEL BARRETO CONSTANTE; E. G. R.B.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. A220-555-038/039)
Immigration Judge:  Richard Bailey
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 1, 2024
_____

Before:  HARDIMAN, PHIPPS, and FREEMAN, *Circuit Judges*

(Filed: November 8, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Diana Isabel Barreto Constante petitions for review of a Board of Immigration Appeals ("BIA") decision finding her ineligible for asylum and withholding of removal.[1] For the reasons that follow, we will deny the petition.

I.

Barreto Constante is a citizen and national of Ecuador. She entered the United States without authorization in August 2021. Soon thereafter, the Department of Homeland Security initiated removal proceedings. Through counsel, Barreto Constante conceded that she is removable, but applied for asylum and withholding of removal.[2] She sought relief as a member of two proposed particularized social groups ("PSGs"): "single Ecuadorian women with school aged children," and "single Ecuadorian women from the countryside that the government has forgotten."

At a hearing before an Immigration Judge ("IJ"), Barreto Constante testified that she is afraid to return to Ecuador because of delinquency. She described a phone call she received from delinquents who falsely stated that her cousin had been kidnapped and demanded money for his return. She did not pay because she confirmed her cousin was safe. Additionally, she recounted that her son's father, Danielo Romero, thwarted

---

[1] Barreto Constante's minor son, E. G. R.B., is a derivative beneficiary of her application. Because he raised no independent claims, we will refer only to Barreto Constante in our discussion.

[2] Barreto Constante also applied for protection under the Convention Against Torture, but she does not seek review of the BIA's decision denying that form of relief.

criminals who sought to steal from him as he returned home from work in Ecuador. And when Romero came to the United States before Barreto Constate did, he received text messages from individuals who threatened to harm Barreto Constante and their son if Romero did not send money. Barreto Constante explained that she takes threats like these seriously because others in her neighborhood in Ecuador received threats and were later harmed. She also testified that the Ecuadorian government neglects the needs of the people in her neighborhood.

Although the IJ found Barreto Constante's testimony credible, he denied her application for asylum and withholding of removal for several reasons. As particularly relevant here, the IJ found that neither of Barreto Constante's PSGs is cognizable, and even if the PSGs were cognizable, Barreto Constante did not establish a nexus between the harms she fears and her membership in either PSG.[3]

Barreto Constante appealed to the BIA. The BIA concluded that Barreto Constante did not challenge IJ's no-nexus finding, so it deemed that issue waived and dismissed the appeal.

Barreto Constante timely petitioned for review of the BIA's decision.

---

[3] The IJ also found that Barreto Constante had not shown past harm rising to the level of persecution, a well-found fear of future persecution, or that the Ecuadorian government is unable or unwilling to protect her.

II.[4]

We may review Barreto Constante's order of removal only if she has exhausted all administrative remedies available. 8 U.S.C. § 1252(d)(1). This exhaustion requirement is not jurisdictional, *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023), but it is mandatory and must be enforced when properly raised by the government, *Aguilar v. Att'y Gen.*, 107 F.4th 164, 168–69 (3d Cir. 2024).

To be granted asylum, Barreto Constante was required to show that she experienced past persecution or has a well-founded fear of future persecution "*on account of*" a statutorily protected ground, such as membership in a PSG. 8 U.S.C. § 1101(a)(42) (emphasis added); *accord Chavarria v. Gonzalez*, 446 F.3d 508, 518 (3d Cir. 2006). For withholding of removal, she had to satisfy a more stringent standard: showing a clear probability of persecution on account of a protected ground. *See Ilchuk v. Att'y Gen.*, 434 F.3d 618, 624 (3d Cir. 2006). Thus, one of her "key task[s]" was "to show a sufficient 'nexus' between persecution and one of the listed protected grounds." *Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 129 (3d Cir. 2009).

Barreto Constante sought to establish the required nexus at her hearing before the IJ, and the IJ made an adverse finding. The government argues that she did not exhaust the nexus issue in her appeal to the BIA. We agree.

This Court's exhaustion requirement is "liberal"—"so long as an immigration petitioner makes some effort, however insufficient, to place the [BIA] on notice of a

---

[4] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction to review the final order of removal under 8 U.S.C. § 1252(a)(1).

straightforward issue being raised on appeal," she satisfies the requirement. *Nkomo v. Att'y Gen.*, 986 F.3d 268, 272 (3d Cir. 2021) (cleaned up). Nonetheless, Barreto Constante does not satisfy this liberal standard.

In her BIA brief, Barreto Constante challenged two of the IJ's findings: that she had no well-founded fear of future persecution and no cognizable PSGs. She said nothing about nexus. She cited reports about Ecuadorian women being subject to violence, and she now argues that these reports relate to nexus. But that country-conditions evidence pertained to all women in Ecuador. It did not address the circumstances of "single Ecuadorian women with school aged children" or "single Ecuadorian women from the countryside that the government has forgotten." And in her BIA brief, Barreto Constante cited no evidence and made no argument connecting her alleged past persecution or feared future persecution with her membership in either PSG. Therefore, she did not place the BIA on notice of a challenge to the no-nexus finding.

In any event, even if Barreto Constante had exhausted the nexus issue, the IJ's finding would withstand our deferential standard of review. The IJ concluded that Barreto Constante fears "generalized crime and violence that targets everyone in Ecuador." AR 47. In her brief to us, she points to no evidence other than what she cited in her BIA brief. Thus, she has not identified evidence in the record that would compel a reasonable adjudicator to reach a contrary conclusion. *See Ishmael v. Att'y Gen.*, 77 F.4th 175, 179 (3d Cir. 2023).

\* \* \*

For the foregoing reasons, we will deny the petition for review.

5