# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1618

DAVID CRUZ PEREZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review from a Decision of the Board of Immigration Appeals
Immigration Judge Hugh Mullane, No. A216-494-426

Before: BIBAS, PORTER, and BOVE, *Circuit Judges*
Submitted Jan. 27, 2026; Decided Jan. 27, 2026

NONPRECEDENTIAL OPINION[*]

PORTER, *Circuit Judge*.

David Cruz Perez petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his immigration appeal as untimely. We will deny the petition.

I

David Cruz Perez, a citizen of Mexico, illegally entered the United States at an unknown time and place. The United States initiated removal proceedings against him in 2018, and he applied for cancellation of removal and adjustment of status for a non-permanent resident. The Immigration Judge ("IJ") held a merits hearing on July 26, 2021, telling him that "the parties will receive either a new notice of hearing or a written

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

decision by mail." Certified Administrative Record ("CAR") at 210. The IJ ordered Cruz Perez removed on August 25, 2021, but the record suggests the removal orders were not immediately mailed to Cruz Perez. Cruz Perez's attorney physically appeared at the Clerk's office on September 10, 2021, to file a motion, and on September 13 the Immigration Court mailed him a notice rejecting his motion because "the evidentiary record is closed . . . [based on the] attached [removal] order." CAR at 35. Cruz Perez's counsel waited until December 3, 2021, to read that mailing and the BIA did not receive his appeal until December 9, 2021. The BIA dismissed his appeal as untimely.

Cruz Perez now petitions our Court for review of the BIA's dismissal order. He claims the Immigration Court's service of the removal order was improper because it was "practically 'snuck' into his lawyer's hands" and was served at the same time as the IJ's denial of one of his motions. Cruz Perez Br. at 8. He also claims the BIA erred by not equitably tolling the statute of limitations for his appeal.

II

A

When an immigration judge orders an alien removed, that alien is entitled to notice of the decision and of his right to appeal. 8 U.S.C. § 1229a(c)(5). For written orders, the notice may be served by personal service, mail, or electronic notification. 8 C.F.R. § 1003.37(a). When the alien is represented by counsel, service must be made on his counsel. 8 C.F.R. § 1292.5(a). It's undisputed that the IJ here fulfilled his statutory and

regulatory obligations by serving the removal order on Cruz Perez's counsel by mail.[1]

Rather, Cruz Perez claims the form of service violated "fundamental principles of due process" because the removal order was attached to the denial of his September 10, 2021, filing. Cruz Perez Br. at 7. "[T]he Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (internal quotations omitted). But due process is a flexible standard, requiring "notice and [an] opportunity to be heard appropriate to the nature of the case." *Id.* (citation omitted).

The "rejected filing notice" was mailed to Cruz Perez's counsel and states that the reason for the rejection of his motion is that "[t]he evidentiary record is closed." CAR at 35. And in the very next sentence, it exhorts counsel to "see attached order." *Id*. The referenced attached order was the removal order, which informed Cruz Perez of his right to appeal. Also included in the mailing was an untitled notice that the "IJ order [is] attached." CAR at 33. Thus, counsel was informed in two places that the removal order was included in the mailing. This notice was "reasonably calculated, under all the circumstances, to apprise" Cruz Perez of the removal order and his right to appeal.[2] *In re*

---

[1]  Cruz Perez claims that the IJ "may have been" statutorily unable to delegate the duty to inform him of his right to appeal to the Clerk's office. Cruz Perez Br. at 21–22. Even if this issue were exhausted below, such "casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal." *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

[2]  As Cruz Perez points out, the appeal deadline of September 27, 2021, stated on the removal order is wrong given the service date of September 13, 2021. *See* 8 C.F.R. § 1003.38(b) (setting 30-day deadline to file appeal with the BIA). But Cruz Perez did not appeal the IJ's order until December 9, long after the actual appeal deadline. Thus,

*NFL Players Concussion Injury Litig.*, 821 F.3d 410, 446 (3d Cir. 2016) (citation omitted).

To support his attenuated due process theory, Cruz Perez cites the Supreme Court's decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). But that case is inapposite—it related to statutory, not constitutional, notice requirements under a statute not at issue here. And it forbade the government from sending critical hearing information in piecemeal notices, which is not what the IJ did here.

B

Cruz Perez next argues the BIA erred by not equitably tolling the BIA appeal deadline. A petitioner is entitled to equitable tolling of the 30-day BIA appeal deadline if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Nkomo v. Att'y Gen.*, 986 F. 3d 268, 272–73 (3d Cir. 2021).

Cruz Perez did not diligently pursue his rights. "Due diligence must be exercised over the entire period for which tolling is desired." *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011). The IJ had placed Cruz Perez's counsel on notice in July of 2021 to expect a mailed hearing notice or decision from the Immigration Court. But when he received a mailing from the Immigration Court in September, he waited three months to even "peruse" it. Cruz Perez Br. at 8. Cruz Perez claims he and his counsel are "entirely blameless" for missing the BIA appeal deadline because there was no way for him to

---

even if that error violated due process, Cruz Perez cannot show that it caused him "substantial prejudice." *Khan v. Att'y Gen.*, 448 F.3d 226, 236 (3d Cir. 2006).

4

know that the September 13, 2021, mailing had a removal order attached to it. Cruz Perez Br. at 18. But there was one way to know—by reading his mail. Counsel never did so. Nor, evidently, did he even check on the status of the case, which would have revealed the final removal order. That's far from diligent.

Having concluded that Cruz Perez failed to diligently pursue his rights, the Court need not address his proposed extraordinary circumstances, which themselves are wanting. Cruz Perez is not entitled to equitable tolling.

## III

For the reasons set forth above, we will DENY the petition for review.