**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1482
_____

ALLAELDIN ELHATTAB,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(BIA-1 : A075-872-143)
Immigration Judge: Alberto J. Riefkohl
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 5, 2024

Before: SHWARTZ, MATEY, and McKEE, *Circuit Judges*

(Opinion filed: August 15, 2025)

_____

OPINION*
_____

**McKEE**, *Circuit Judge*.

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Allaeldin Elhattab petitions this Court for review of a Board of Immigration Appeals order denying his motion to reopen. For the following reasons, we will deny his petition.[1]

## I.

"As a general rule, motions to reopen are granted only under compelling circumstances."[2] We review the BIA's denial of a motion to reopen for abuse of discretion.[3] The decision will be reversed only if it is arbitrary, irrational, or contrary to law.[4]

Elhattab's main contention on appeal is that the BIA abused its discretion in denying his motion to reopen. The BIA will not grant a motion to reopen unless the evidence offered was previously unavailable and could not have been discovered or presented at an earlier stage in the proceedings.[5] Generally, a noncitizen may file one motion to reopen within ninety days of a removal order.[6]

---

[1] The BIA had jurisdiction over the motion to reopen under 8 C.F.R. § 1003.2(a). We generally have jurisdiction to review the denial of a motion to reopen under 8 U.S.C. § 1252(a)(1) unless a jurisdiction-stripping provision under § 1252(a)(2) applies. *See Khan v. Att'y Gen.*, 691 F.3d 488, 492 (3d Cir. 2012). Although § 1252(a)(2)(B) otherwise strips us of jurisdiction to review judgments regarding the sort of discretionary relief Elhattab seeks, because his challenge presents a question of law, *Nkomo v. Att'y Gen.*, 986 F.3d 268, 272 (3d Cir. 2021) ("Application of the equitable tolling standard to undisputed or established facts is a question of law." (internal quotation marks and citation omitted)), we have jurisdiction to review the BIA's order. § 1252(a)(2)(D). Because removal proceedings before the IJ were held in Newark, New Jersey, venue is proper in this Court. § 1252(b).
[2] *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004).
[3] *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002).
[4] *Id.*
[5] 8 C.F.R. § 1003.2(c)(1).
[6] 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i); § 1003.2(c)(2).

It is undisputed that Elhattab's motion is facially time and number-barred because it is his fourth motion to reopen and filed more than *fifteen years* after the removal order issued. He therefore argues that the BIA should have equitably tolled the time and number limitations and erred in finding that equitable tolling was unwarranted. Equitable tolling generally requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented a proper filing.[7] Elhattab cannot satisfy either requirement.

Elhattab asserts that the BIA has an established policy of equitably tolling the motion deadline where there is a significant change in law. He claims that *In re X-G-W-* was a change in law that created an extraordinary circumstance warranting equitable tolling. In *In re X-G-W-*, the BIA announced a new policy that allowed non-citizens to pursue untimely motions to reopen based on coercive population control policies.[8] That decision was in response to Congress amending the definition of "refugee" under § 601(a)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").[9] The amendment was enacted to recognize that a person persecuted under a coercive population control program has been persecuted on account of political opinion.[10] This policy remained in effect for four years until the BIA, in *In re G-C-L-*,

---

[7] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *see also Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011) ("The time limit for filing a motion to reopen is subject to equitable tolling, and perhaps the numerical limit is as well.").
[8] *See* 22 I. & N. Dec. 71, 74 (B.I.A. 1998).
[9] *See id* at 72.
[10] *See id*.

declared it no longer considers untimely motions to reopen based upon *In re X-G-W-*.[11]

Elhattab has never asserted any such claim of persecution, and in any event, the policy was rescinded years ago. Moreover*, In re X-G-W-* involved the BIA's exercise of its discretionary authority to reopen a proceeding *sua sponte*,[12] which the BIA expressly declined to do here—a decision which this Court lacks jurisdiction to review.[13]

Similarly, Elhattab claims that the BIA should have equitably tolled the limitations based on the Supreme Court's decisions in *Pereira v. Sessions*[14] and *Niz-Chavez v. Garland*.[15] In *Pereira*, the Supreme Court held that a Notice to Appear ("NTA") must include the date and place of a removal hearing to trigger the "stop-time rule" for cancellation of removal.[16] *Niz-Chavez* further held that a subsequent notice specifying the date and place of a hearing does not cure a defective NTA.[17] Elhattab's NTA did not include the date or time of his removal hearing. However, Elhattab offers no explanation for why he failed to raise any argument before the BIA based on *Niz-Chavez* until 150 days after the decision was issued—60 days beyond the 90-day deadline imposed by 8 U.S.C. § 1229a(c)(7)(C).[18] More significantly, he offers no explanation for why he waited nearly a year and nine months after this Court's decision in *Guadalupe v. Attorney*

---

[11] *See In re G-C-L-*, 23 I. & N. Dec. 359, 361–62 (B.I.A. 2002).
[12] 22 I. & N. Dec. at 73.
[13] *See Nkomo v. Att'y Gen.*, 986 F.3d 268, 272 (3d Cir. 2021).
[14] 585 U.S. 198 (2018).
[15] 593 U.S. 155 (2021).
[16] *Pereira*, 585 U.S. at 209.
[17] *Niz-Chavez*, 593 U.S. at 171-72.
[18] *See Niz-Chavez*, 593 U.S. 155.

*General*, which established the binding rule as *Niz-Chavez* in this Circuit.[19] Absent such an explanation, these limitations cannot be equitably tolled.[20]

Finally, Elhattab argues that the BIA committed error by failing to consider the record as a whole in reaching a due diligence finding. The BIA, however, is entitled to a "presumption of regularity."[21] The petitioner bears the burden of proof that the BIA did not review the record when it considered the appeal.[22] In this case, fifteen years have elapsed since he was ordered removed and Elhattab has not come close to overcoming that presumption. The BIA thus did not abuse its discretion in declining to equitably toll the limitations for his fourth untimely motion to reopen.

## II.

For the foregoing reasons, we will deny the petition.

---

[19] 951 F.3d 161, 162 (3d Cir. 2020).
[20] *See Mahmood v. Gonzales*, 427 F.3d 248, 252-53 (3d Cir. 2005) (holding that failure to seek relief for over year does not demonstrate diligence necessary to apply equitable tolling).
[21] *Darby v. Att'y Gen.*, 1 F.4th 151, 166 (3d Cir. 2021) (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 550 (3d Cir. 2001)).
[22] *See Kamara v. Att'y Gen.*, 420 F.3d 202, 212 (3d Cir. 2005).